## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **LEROY L. SINGLETON, JR.,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-07-61** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION & ORDER

Petitioner Leroy L. Singleton, Jr. ("Singleton") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction and sentence of 20 years in prison for sexual assault. Respondent has filed a motion for summary judgment. (Dkt. #14). Having reviewed the motion, the record, and the relevant law, the Court is of the opinion that Respondent's motion should be GRANTED and the habeas petition should be DISMISSED. Additionally, the Court DENIES Singleton a Certificate of Appealability.

### Background

On April 20, 1994, an indictment charging Singleton with sexual assault was filed in the 262nd District Court of Harris County, Texas. (CR at 5).[1] On June 1, 1994, Singleton pled guilty to sexual assault. (CR at 23). On the same day, the presiding judge ordered Singleton deferred adjudication probation. (CR at 30-31, 33-34).

On June 5, 1997, the State of Texas filed a motion to adjudicate Singleton's guilt. (CR at 41-42). On December 18, 1997, the State filed an amended motion to adjudicate guilt. (CR at

---

[1] The abbreviation "CR" refers to the Clerk's Record pertaining to *Leroy Larae Johnson, Jr. v. The State of Texas*, No. 9402638, which is included as part of the record in this action.

44-45).  On March 10, 1999, Singleton was appointed counsel.  (CR at 46).  On April 19, 1999, a second amended motion to adjudicate guilt was filed.  (CR at 50-52).  In its second amended motion, the State of Texas alleged that Singleton violated the terms and conditions of his probation by engaging in a subsequent sexual assault.  (CR at 50).  On May 5, 1999, after conducting a hearing, the trial court adjudicated guilt and sentenced Singleton to a term of 20 years in prison.  (CR at 53-54).

Singleton's conviction was appealed to the Court of Appeals of Texas, Texarkana Division.  *Singleton v. State*, No. 06-99-00111-CR, 2000 WL 289635 (Tex. App.-- Texarkana Mar. 21, 2000).  Singleton's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and served the brief on Singleton.  *Id.*  Counsel also informed Singleton that he could file a *pro se* brief with the Court of Appeals.  *Id.*  Although the Court of Appeals granted Singleton time to file a *pro se* brief, the court never received any communications from Singleton.  *Id.*  The Court of Appeals then affirmed the trial court's judgment.  *Id.*  Singleton did not file a Petition for Discretionary Review with the Texas Court of Criminal Appeals.  (Dkt. #1 at 3).

On July 17, 2006 Singleton executed a State application for a writ of habeas corpus.  (Application from *Leroy Larae Singleton, Jr. v. The State of Texas*, No. 9402638-A, R. at 11).  This application was denied without written order on November 8, 2006.  *(Id.* at action taken sheet.)  On December 18, 2006, Singleton executed a second State application for a writ of habeas corpus.  (Application from *Leroy Larae Singleton, Jr. v. The State of Texas*, No. 9402638-B, R. at 10).  This application was dismissed as subsequent on February 7, 2007.  (*Id.* at action taken sheet).

On July 11, 2007, Singleton executed his present federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. #1 at 9).  Singleton raises the following grounds in his federal petition: (1) his "conviction [was] obtained by a plea of guilty which was unlawfully induced, without an clear understanding of the nature of the charge and consequences of the plea"; (2) the prosecution failed to disclose favorable evidence; and (3) ineffective assistance of counsel.  (Dkt. #1 at 7).

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Singleton's petition because it was filed after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  AEDPA, in part, provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The Fifth Circuit has specifically held that an order of deferred adjudication qualifies as a "judgment of a State court" under AEDPA. *Caldwell v. Dretke*, 429 F.3d 521, 527-28 (5th Cir. 2005). The date on which an order of deferred adjudication becomes final is the date on which direct review is concluded or when the time for seeking such review expires. *Id*. at 529. Under Texas law, a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court." TEX. R. APP. P. 26.2(a)(1). If a Texas petitioner is ordered deferred adjudication and does not file an appeal within 30 days after the order is imposed or suspended in open court, his judgment, for the purposes of AEDPA, becomes final. *Caldwell*, 429 F.3d at 529-530.

In the present case, it is clear that Singleton's federal habeas petition is barred by the AEDPA statute of limitations. All of Singleton's claims arise out of his original plea of guilty and order of deferred adjudication. Accordingly, Singleton's judgment became final on July 1, 1994 due to his failure to file a timely notice of appeal. Because July 1, 1994 is prior to the date on which AEDPA was enacted, Singleton had one year from the date of AEDPA's enactment, namely, April 24, 1996, to file his federal habeas petition or to seek direct or collateral State review. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). However, Singleton did not seek any type of review by April 24, 1997. Furthermore, Singleton has not established that any of the alternative methods for calculating the AEDPA statute of limitations are applicable in this case. The record does not reflect that any unconstitutional State action impeded Singleton from filing a timely federal habeas petition. The record also does not indicate that Singleton could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. The claims raised by Singleton do not concern a constitutional right

recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  The record also does not indicate that Singleton is entitled to equitable tolling. Accordingly, the Court finds that Singleton's federal petition is time barred under AEDPA.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(A).  Although Singleton has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  *See United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Singleton's § 2254 motion and that reasonable jurists could not debate whether the district court was correct in its procedural ruling.  Accordingly, Singleton is not entitled to a COA.

**Conclusion**

The Court ORDERS the following:

1.      Respondent's motion for summary judgment is GRANTED.

2.      This petition for a writ of habeas corpus id DISMISSED, with prejudice.

3.      Singleton's remaining motions (Dkt #3, 4, 5, 6, 7, 8, 15, 16, 17) are DENIED.

4.      A Certificate of Appealability is DENIED.

Signed  on this 31st day of January, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE